UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 16-60353-CR-BLOOM/HUNT

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JHON LAIRO ESPANARUIZ,

        Defendant.
_____/

## REPORT AND RECOMMENDATIONS

THIS CAUSE is before this Court on Defendant's Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 106. The Honorable Beth Bloom, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for a Report and Recommendation. ECF No. 112; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the Government's Response in Opposition, ECF No. 107, Defendant's Reply, ECF No. 116, the Probation Office's Retroactive Amendment 821 Memo, ECF No. 117, the record, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that the Motion be GRANTED, and that the Court reduce Defendant's sentence, as more fully discussed below.

## BACKGROUND

On December 20, 2016, the Defendant Jhon Jairo Espanaruiz ("Espanaruiz") and codefendants Fredy Fernando Ruas Colobon ("Ruas Colobon"), Walter Geronimo Olivo ("Olivo"), and Wilfrido Mendoza Sanchez ("Mendoza Sanchez") were indicted and charged with conspiracy to violate the Maritime Drug Law Enforcement Act ("MDLEA") by

possessing with the intent to distribute at least five (5) kilograms of cocaine (Count 1) while on board a vessel on the high seas off the coast of Guatemala. The vessel was subject to the jurisdiction of the United States pursuant to Title 46, United States Code, Sections 70503(a)(1) and 70506(b). ECF No. 12. The amount of cocaine on board was an estimated 755 kilograms. On February 21, 2017, Defendant pleaded guilty to Count 1 of the Indictment pursuant to a plea agreement, ECF No. 36, and a stipulated factual proffer, ECF No. 37.

A Presentence Investigation was ordered, and the resulting report (PSI) established an advisory guideline range of 135–168 months' imprisonment, based upon an adjusted base offense level of 33 and a criminal history category of I (zero criminal history points). On May 11, 2017, Espanaruiz was sentenced to a term of imprisonment at the low end of his guideline range, that is, 135 months (to be followed by five years' supervised release). ECF No. 81, 86.

## **LEGAL STANDARD**

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences are not to be modified. *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Under § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence if the defendant's sentence was initially determined using a guideline imprisonment range that was later lowered by a subsequent retroactive amendment to the United States Sentencing Guidelines. To do so, the district court must consider the applicable factors set forth in 18 U.S.C. § 3553(a) and determine that a reduction would be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c);

*United States v. Bravo,* 203 F.3d 778, 780-81 (11th Cir. 2000).

A defendant is eligible for relief only if a retroactive amendment to the guidelines lowers the applicable advisory range. *Dillon v. United States*, 560 U.S. 817, 825-827 (2010). In such a case, the district court must apply the following two-step analysis:

> First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact.
>
> Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence.

*United States v. Dewitt*, 294 Fed. Appx. 585, 587 (11th Cir. 2008).

The 18 U.S.C. § 3553(a) factors that the court must consider in ruling on a defendant's 18 U.S.C. § 3582(c)(2) motion include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the Sentencing Guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted disparities among defendants with similar records and similar offense conduct; (7) the need to provide restitution to any victim of the offense (*see* 18 U.S.C. § 3553(a)) and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, comment. (n. 1(B)).

3

A new sentencing guideline, effective November 1, 2023, provides a decrease of two levels from the offense level for defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors. *See* U.S.S.G. § 4C1.1. Specifically, a defendant must meet all the following criteria to be eligible for relief:

1. the defendant did not receive any criminal history points from Chapter Four, Part A;

2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

3. the defendant did not use violence or credible threats of violence in connection with the offense;

4. the offense did not result in death or serious bodily injury;

5. the instant offense of conviction is not a sex offense;

6. the defendant did not personally cause substantial financial hardship;

7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

10. the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1.

## ANALYSIS

To begin with, and most importantly, Espanaruiz **is eligible** for a reduction under U.S.S.G. § 4C1.1, as he meets all the listed criteria. The Government agrees that he is eligible, ECF No. 107 at 6, and the Probation Office concurs, ECF No. 117 at 3. Application of the two-level reduction produces a new advisory guideline range of 120—135 months imprisonment.[1]

The Government nevertheless opposes the requested reduction for two reasons: 1) the large quantity of cocaine involved in this offense (755 kilograms); and 2) the sentencing disparity that would result from reducing Espanaruiz's sentence to match or approach that imposed on another crew member who attempted, albeit unsuccessfully, to cooperate with the Government (120 months).

In support of its first argument, the Government quotes at length its written response (ECF No. 78) to Defendant's previously-filed request for a minor role reduction or variance. (ECF No. 57). The Government's emphasis on the quantity of cocaine (admittedly a lot) was no doubt part of the District Court's reasoning in denying the request for a minor role or a downward variance at the original sentencing. In fact, it was specifically cited in the Court's statement of reasons accompanying the J & C. But this did not prevent the District Court from sentencing Espanaruiz at the low end of his then-applicable advisory guideline range. In other words, this argument has already been fully considered by the Court and accounted for in the Court's low-end sentence.

---

[1] With a new adjusted base level of 31 and a criminal history category I, the range would ordinarily be 108—135 months. Because of the statutory mandatory minimum penalty, however, the low end of the range becomes the statutory minimum, that is, 120 months.

The Government's second argument has at least some superficial appeal. The Government characterizes Espanaruiz's request for a sentence at the low end of the revised guideline range as nullifying the Court's guideline calculus, as it would sentence Espanaruiz at the same level as the crew member (Olivo) who attempted to cooperate. The Government asks the Court to preserve the framework that places the two non-cooperating crew members at an in-between level of 135 months, "or 15 months more than the wannabe cooperator . . . but 45 months less than the Captain." ECF No. 107 at 10.

The Government is correct that § 3553 cautions the Court to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). But it does not instruct the Court to withhold an otherwise available sentencing benefit due to a defendant's failure to attempt cooperation, successful or not, at the time of arrest.

While the Government asks the Court to maintain some distance between Espanaruiz's sentence and that of codefendant Olivo, whom the Government describes as a "wannabe cooperator," the Response offers no details about the attempted cooperation. Whatever it was, it did not rise to the level of substantial assistance. Otherwise the Government would have filed the appropriate motion allowing the Court to sentence Olivo below the mandatory minimum. See U.S.S.G. § 3553(e); Fed. R. Crim. P. 35(b). It is unfortunate that Olivo can derive no benefit from the new amendment, a benefit for which he is otherwise eligible. But the undersigned does not see that as a compelling reason to deny Espanaruiz the intended benefit.

The difficulty of avoiding sentencing disparity resulting from a zero-point reduction in this case is exacerbated by the inapplicability of the safety valve.  *See* U.S.S.G. § 3553(f).  At the time of the sentencing in this case (May 2017), the safety valve did not apply to offenses prosecuted under the MDLEA, at least not in this Circuit.[2]  Effective December 21, 2018, the safety valve was made applicable to MDLEA offenses, but this provision of the first Step Act was not made retroactive.  *See, e.g., United States v. Sanchez*, 795 Fed. Appx. 704, 706 (11th Cir. 2019) (unpublished).  This means that in 2017, similarly situated cocaine-smuggling defendants prosecuted under Title 21 (e.g., importation or conspiracy to import) would have been eligible for a sentence below the ten-year minimum and would be eligible for a further reduction under the zero-point reduction amendment.  Similarly, MDLEA defendants sentenced *after* December 2018 are also eligible for below-the-minimum sentences, and an additional zero-point reduction, so long as that reduction does not go below the low end of the new guideline range.

While this gap in safety valve applicability has led to sentencing disparity among similarly situated defendants in numerous cases in this and other districts, this Court lacks authority to repair the disparity.  *Compare United States v. Mestra*, No. 19-20845-CR-RUIZ, 2023 WL 8890892 (S.D. Fla. December 26, 2023) (declining to apply zero-point reduction for crew member in MDLEA case involving approximately 1,420 kilograms of cocaine because original sentence of 108 months (variance) was already at the low end of the amended guideline range), *with United States v. Merchan*, No. 17-20808-CR-RUIZ,

---

[2]  The D.C. Circuit held a minority view that the safety valve did apply to such cases.  *See United States v. Mosquera-Murillo*, 902 F.3d 285, 292-96 (D.C. Cir. 2018).

7

2023 WL 9022898 (S.D. Fla. Dec. 31, 2023) (defendant in 575 kilogram MDLEA case cannot benefit from zero-point reduction because original sentence of 120 months imposed in January 2018 was the statutory minimum sentence).

For his part, Espanaruiz asks the Court to consider numerous factors, including his financial difficulties and family obligations; the "deplorable conditions of confinement" aboard the Coast Guard vessel that transported the defendants, alleging they were treated "much like African slaves during the 18th and early 19th centuries"; his future deportation; and his completion of multiple rehabilitation programs and general good behavior while incarcerated.  *See* ECF No. 106 at 4–9 and Exhibit 1; *see also* ECF No. 117 at 3–4 (confirming educational achievements while incarcerated).  While most of these factors were available for the District Judge's consideration at the time of the original sentencing, the undersigned is unaware of whether, or to what degree, they were brought to the Court's attention, or to what extent the Sentencing Judge considered these factors.  With respect to the post-sentencing factors, courts considering resentencing or a reduction "regularly have considered evidence of postsentencing rehabilitation . . . when raised by the parties."  *Concepcion v. United States*, 597 U.S. 481, 498–99 (2022) (collecting cases).  Espanaruiz's prison record is therefore appropriate for the Court to consider.

It is clear that the zero-point guideline amendment was meant to confer an additional sentencing benefit to defendants who have no criminal history points.  Espanaruiz is therefore eligible for a reduction—he is unquestionably within the class of defendants targeted for this benefit.  But any reduction may not go below the mandatory minimum of 120 months.  The Sentencing Court is therefore free to exercise its discretion

and either leave the sentence alone or resentence anywhere between 120 and 135 months.

The maximum intended benefit cannot be awarded where, as here, the new guideline range straddles a mandatory minimum.  But the intended benefit is at least partially conferred by a reduction to what in this case is still in the middle, not at the low end, of the applicable guideline range absent a mandatory minimum (108–135 months). Denying a reduction here would frustrate this purpose.  Espanaruiz should therefore be given the reduction for which he is eligible.

A reasonable reduction could see Espanaruiz's sentence lowered to as little as 120 months.  However, the undersigned cannot know how closely tethered Defendant's prior low-end sentence was to the then-appropriate but now outdated guideline range. Nonetheless, when considering what new sentence would be appropriate, the Sentencing Judge should consider factors such as: the amount of cocaine involved; Defendant's comparative lack of cooperation at the time of arrest; sentences imposed upon similarly situated defendants in this and other cases; the harrowing conditions of custodial ocean transport; and Defendant's efforts at post-arrest rehabilitation.  Additionally, there may have been other considerations raised during or before the sentencing hearing that influenced the Sentencing Judge's exercise of discretion in imposing an appropriate sentence.

Accordingly, the undersigned respectfully recommends that the Court reduce Espanaruiz's sentence to 120 months, unless such a reduction conflicts with the Court's overall view of this defendant and this offense conduct.

**RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that the Court reduce Defendant's sentence to 120 months imprisonment.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 23rd day of February 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
　　The Honorable Beth Bloom
　　All Counsel of Record